(No. 11338.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Simon Hoefer, County Collector, De-
fendant in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD
COMPANY, Plaintiff in Error.

### *Opinion filed June 21, 1917.*

1. TAXES—*objector entitled to have the record admitted in evi-
dence.* If the record of the highway commissioners fails to show
a meeting of commissioners required by law in· levying a tax one
objecting to the tax has the right to have such record admitted in
evidence, but if the meeting was in fact held the court should al-
low the record to be amended to show that fact together with the
action which took place at the meeting.

2. SAME—*certificate of amount required is conclusive that some
action was taken to determine the amount.* The principal purpose
of the September meeting of the highway commissioners is to cer-
tify to the county board the amount necessary to be raised by tax-
ation for road and bridge purposes, and when a specific amount in
dollars and cents is certified to the county board such certificate is
conclusive that there has been some action equivalent to deter-
mining that such amount is necessary.

· 3. SAME—*highway commissioners need not keep minutes of the
September meeting.* The Road and Bridge law makes it the duty
of the highway commissioners, at their September meeting, to cer-
tify the amount of the tax levy to the board of supervisors, but
it is not necessary that they preserve a record of such procedure
in the minutes of the meeting if they did, in fact, make out the
proper certificate and file it with the county board.

4. Other questions raised herein are controlled by the decision
in *People* v. *Chicago Great Western Railroad Co.* (*ante,* p. 176.)

WRIT OF ERROR to the County Court of Stephenson
county; the Hon. R. J. CARNAHAN, Judge, presiding.

DOUGLAS PATTISON, (JOHN G. DRENNAN, of counsel,)
for plaintiff in error.

CHARLES H. GREEN, State's Attorney, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to review the judgment of the county court of Stephenson county overruling the objections of plaintiff in error to the application for judgment and order of sale for certain delinquent taxes levied and assessed against its property in that county. The taxes involved are the road and bridge taxes for the towns of Ridott, Silver Creek, Harlem, Buckeye, Waddams, Winslow and Oneco, in that county, and that portion of the county tax levied for the purpose of raising funds for the payment of the salary of the State's attorney.

The objections urged to the road and bridge tax of the towns of Ridott and Silver Creek are the same as those urged and considered by us in *People* v. *Chicago Great Western Railroad Co.* (*ante,* p. 176,) and what is said in the opinion in that case disposes of these objections.

The objection to the road and bridge tax in the town of Ridott should have been sustained for the reason that there is no record of a meeting of the commissioners of highways on the first Tuesday of September.

The objections to the road and bridge tax of the town of Silver Creek were properly overruled for the reasons stated in *People* v. *Chicago Great Western Railroad Co. supra.*

The objection to the tax of the town of Harlem is that the record shows no meeting was held on the first Tuesday in September, as required by section 56 of the Road and Bridge act. It appears that on the trial counsel for the objector offered in evidence the record book kept by the town clerk and examined the custodian of said record, the town clerk, as to the entries therein contained. Counsel for defendant in error made a motion that the town clerk be allowed to amend the record to show, in accordance with the

true facts, that at a meeting on September 1 the board of highway commissioners of said town determined the amount of taxes to be levied for the proper construction, maintenance and repair of roads and bridges to be $3500, based on the rate of levy determined on at a prior meeting, August 29, and certified the same to the board of supervisors of said county and filed a copy of said levy with the town clerk, and also objected to the introduction of the record in the shape in which it had been offered by counsel for the objector. Counsel for the objector objected to the amendment being allowed, and the court withheld its ruling both on the introduction of the original record and on allowing the amendment. We think it was error not to admit the record as the objector had a right to such evidence. It would have been proper, however, to have permitted the town clerk to amend the record, by direction of the commissioners of highways, in accordance with the true facts, and the motion to allow the record to be amended in accordance with the true facts should have been allowed.

The objections to the tax for the town of Buckeye are, that the clerk's record of the meeting held August 21, 1915, at which it was determined to fix the tax rate, according to section 50 of the Road and Bridge act, at sixty-one cents on the $100 does not show the purpose for which the tax was levied, and that the record of the meeting of September 1 shows that the commissioners levied $4000 for roads and bridges instead of stating for the "proper construction, maintenance and repair of roads and bridges." Substantially the same objections were raised in *People* v. *Chicago Great Western Railroad Co. supra,* in respect to the town of Silver Creek, and we there held that it was not necessary that the purpose for which the tax rate was fixed should be stated in the record of the first meeting. As regards the second objection, the clerk's record shows that the amount of money to be levied was for road and bridge purposes. The objection that it does not follow the language of the

statute, "for the proper construction, maintenance and repair of roads and bridges," is hypercritical. We think the record sufficiently shows the object and purpose of the tax, and the objections to this tax were properly overruled.

The objections to the tax for the township of Waddams are, that the clerk, in writing up the record of the meeting held August 28, at which it was determined to raise the sum of sixty-one cents on the $100 of valuation of property, used the words "per cent" instead of "cents," and that it further states that the amount to be raised was for highway purposes. The questions raised by these objections were disposed of in *People* v. *Chicago Great Western Railroad Co. supra,* in considering the same objections to the road and bridge tax of the town of Silver Creek, in the same county, and by what has been said heretofore regarding those matters. If it is not necessary to state the purpose for which a tax rate is fixed at the first meeting, then the stating of a purpose would not invalidate the proceeding had at such meeting as such statement would be superfluous. While it would undoubtedly be better if the highway commissioners at such meetings would word their resolutions and records in the language of the statute as far as possible, the record in question clearly shows a substantial compliance with the statute, and no other inference can be drawn therefrom than that they did, in fact, determine the amount to be raised. Section 56 of the Road and Bridge act requires that at a regular meeting to be held on the first Tuesday in September the board of highway commissioners shall determine and certify to the board of supervisors the amount necessary, etc. The principal purpose of such meeting is to certify to the county board the amount necessary to be raised by taxation for the proper construction, maintenance and repair of the roads and bridges in such town or district. Such certificate is to be filed in the office of the county clerk and by him transmitted to the county board at the regular September meeting, for the consideration of

that body. The board of highway commissioners could not certify any amount without first determining such amount, and when a specific amount in dollars and cents is certified to the county board, such certificate must be taken as conclusive that there has been some action equivalent to determining that such amount is necessary. This and what has been said heretofore disposes of these objections, and for the reasons given they were properly overruled.

Objections to the tax of the town of Winslow are, that the record of the meeting of the board of highway commissioners held August 24, 1915, shows that said board met for the purpose of fixing the road and bridge tax for the ensuing year and it was resolved that the tax rate for the ensuing year be fixed at sixty-one cents on the $100, and it is contended that the record does not show the purpose for which the tax was to be levied. A further objection is that the record of the meeting held on the first Tuesday in September shows that the commissioners levied a road and bridge tax of $3100 for the ensuing year and that the use of the term "road and bridge tax" is too indefinite. What we have said heretofore disposes of these objections, and for the reasons above stated they were properly overruled.

One objection to the tax of the town of Oneco is that the record of the meeting held August 22, at which it was determined to levy sixty-one cents on the $100 for road and bridge purposes, is defective in that it does not follow the language of the statute. What we have said heretofore disposes of this objection. Another objection is that the record of the meeting held on September 1, which recites that the amount of $3450 was determined upon as the amount of tax to be levied and certified to the board of supervisors, is defective in that it does not also state that such certificate was made out and filed with the board of supervisors. The statute makes it the duty of the commissioners to take such action at this meeting,—that is, to certify the amount of the tax levy to the board of supervisors,—but it is not nec-

essary that they preserve a record of such procedure in the minutes of the meeting, if they did, in fact, make out the proper certificate and file it with the county board. For this reason and the reasons hereinbefore stated we think this objection was properly overruled.

The same objection is urged to the portion of the county tax levied for salary of the State's attorney that was made in *People* v. *Chicago Great Western Railroad Co. supra*, and what is there said disposes of this objection. It should have been sustained. The tax was excessive to an amount equal to the amount of fines and forfeitures turned in by the State's attorney, and plaintiff in error's tax should have been reduced proportionally.

The judgment of the county court will be reversed in part and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed in part and remanded.*